**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**EDGAR D. ENCISO,**

                Plaintiff,

        -vs-                                                        **Case No. 11-C-722**

**TALGO, INC., a wholly owned subsidiary of**
**PATENTES TALGO, S.L.,**

                Defendant.

---

## DECISION AND ORDER

---

On July 28, 2011, Edgar Enciso filed a complaint against Patentes Talgo S.L. for illegal retaliation under Title VII. Before Patentes was served, Enciso filed an amended complaint. The caption of the amended complaint is exactly the way the Court reproduced it here. It states that Talgo, Inc., a wholly owned subsidiary of Patentes Talgo, S.L., is the *defendant* in this case. It does not state that Talgo and Patentes are the *defendants*. Yet Enciso insists that his complaint somehow states a claim against Patentes. Patentes moves to dismiss for failure to state a claim.

To survive a motion for dismissal under Rule 12(b)(6), a plaintiff must provide "'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The amended

complaint, which supersedes the original complaint, *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004), specifically states that the only defendant in the case is Talgo. Therefore, the complaint does not give Patentes "fair notice" of any sort of claim against it. Amended Complaint, ¶ 4 ("*The Defendant, Talgo, Inc.*, was, at all times material herein, a company that designs, manufactures, and maintains high speed trains, railways, and railway components, with its corporate headquarters located at 505 Fifth Avenue South, Suite 170, Seattle, Washington 98104"); ¶ 6 ("*Defendant* is a wholly owned subsidiary of Patentes Talgo S.L. . . ."); ¶ 249 ("*Defendant* intentionally discriminated against Plaintiff in retaliation for opposing age and ethnicity (national origin) discrimination, in violation of Title VII . . .).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Patentes' motion to dismiss [ECF No. 22] is **GRANTED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **May 30, 2012** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time: to join other parties and to amend the pleadings; to file motions; and to complete discovery;

4. The scheduling order may also: modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; provide for the disclosure

or discovery of electronically stored information; include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; the date or dates for conferences before trial, a final pretrial conference, and trial; and any other matters appropriate in the circumstances of the case.

5.      The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent.  Fed. R. Civ. P. 16(b)(4).

6.      The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1).  Please refer to Attachment A.  Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above.  The Rule 26(f) conference may be conducted by telephone.  Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents.  In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case.

7.      The written report must include the telephone numbers where the parties can be reached for this call.

8.      In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of</u>

-3-

Case 2:11-cv-00722-RTR   Filed 03/29/12   Page 3 of 4   Document 29

Electronically Stored Information. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the Standing Order Relating to the Discovery of Electronically Stored Information in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 29th day of March, 2012.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge