**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**EDGAR D. ENCISO,**

        Plaintiff,

   -vs-                                               **Case No. 11-C-722**

**TALGO, Inc., a wholly-owned subsidiary of
PATENTES TALGO, S.L.,**

        Defendant.

---

## DECISION AND ORDER

---

This is what should be a straightforward Title VII case. Instead, it is mired in an extremely dysfunctional discovery process. The discovery deadline has been extended three times already, and the trial date, originally set for the week of October 7, 2013, has been canceled. Now before the Court is Edgar Enciso's third motion to compel. The Court recently approved a stipulation to extend the dispositive motion deadline to November 11, 2013.

The primary impetus for Enciso's motion to compel is a deposition that was supposed to take place in Seattle, where the parties arranged for a series of Talgo employees to be deposed on August 8-9. On the first day, plaintiff's counsel deposed Talgo's CFO, George Hlebechuk. That night, plaintiff's counsel informed Talgo's counsel that they objected to Hlebechuk's presence at the deposition of Lars Malleis, scheduled to take place the next morning. When the parties convened for Malleis' deposition, the following exchange took place on the record:

Q: All right. Do you know the gentleman sitting between my partner, Attorney Heins, and Talgo's counsel at the end of the table?

A: Yes.

Q: What is his name?

A: Tom. Oh, sorry, at the end of the table. This is George Hlebechuk.

Q: Okay. And do you know what his position in Talgo, Inc. is?

A: He is the CFO.

Q: And that's chief financial officer?

A: Sorry.

Q: That's okay. Do you feel uncomfortable with him being in this room while you provide testimony?

A: Um, you know, it's a difficult question. I mean, I have had disagreements with George and, you know, but we work together.

Q: Okay. Would you be more comfortable if he was outside the room?

A: You know, you put me in a difficult position here.

Q: I apologize for that, and I understand that. But, nevertheless, like you said, there is more people than you involved here. And what's – what's really important is that truthful testimony come out today. So my concern is that we provide an environment for you in which you feel as free as possible to – to speak freely. *And so would you feel more comfortable if he was outside of the room?*

A: *Yes.*

- 2 -

Case 2:11-cv-00722-RTR    Filed 10/16/13    Page 2 of 6    Document 70

Q: All right. Do you know the gentleman sitting between my partner, Attorney Heins, and Talgo's counsel at the end of the table?

A: Yes.

Q: What is his name?

A: Tom. Oh, sorry, at the end of the table. This is George Hlebechuk.

Q: Okay. And do you know what his position in Talgo, Inc. is?

A: He is the CFO.

Q: And that's chief financial officer?

A: Sorry.

Q: That's okay. Do you feel uncomfortable with him being in this room while you provide testimony?

A: Um, you know, it's a difficult question. I mean, I have had disagreements with George and, you know, but we work together.

Q: Okay. Would you be more comfortable if he was outside the room?

A: You know, you put me in a difficult position here.

Q: I apologize for that, and I understand that. But, nevertheless, like you said, there is more people than you involved here. And what's – what's really important is that truthful testimony come out today. So my concern is that we provide an environment for you in which you feel as free as possible to – to speak freely. *And so would you feel more comfortable if he was outside of the room?*

A: *Yes.*

ECF No. 57-3, Malleis Dep. at 9-10 (emphasis added). Ultimately, Talgo's counsel refused to accede to the demand that Hlebechuk leave the room during Malleis' deposition, and plaintiff's counsel refused to proceed in Hlebechuk's presence, so the deposition was canceled.[1]

Enciso moves for an order that prohibits Hlebechuk from attending Malleis' deposition. For "good cause," the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). As a general proposition, pretrial discovery must take place in public unless compelling reasons exist for denying public access to the proceedings. *AT&T Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979). "While courts have, on rare occasions, construed [the federal rules] to allow for the exclusion of parties from pretrial depositions, they agree exclusion should be ordered 'rarely indeed' and only upon a heightened showing of 'exceptional' or 'compelling' circumstances necessary to protect the deponent." *Visor v. Sprint/United Mgmt. Co.*, No. CIV.A 96-K-1730, 1997 WL 567923, at *2 (D. Colo. Aug. 18, 1997) (citing *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) and *In re Levine*, 101 B.R. 260, 262-63 (Bankr. D. Colo. 1989)).

While Malleis stated that he would "feel more comfortable" if Hlebechuk was

---

[1] The attorneys called the Court hoping to obtain a ruling on how to proceed, but the Court was unavailable at that time. In any event, the Court's typical practice is that it does not rule on discovery objections that are brought to the Court's attention by an unexpected phone call.

- 3 -

outside the room, Malleis never stated that he was *un*comfortable, nor did he refuse to proceed or say he would have difficulty in Hlebechuk's presence. Thus, Enciso lacks standing to obtain a protective order based upon the asserted interests of Mr. Malleis. *Auto-Owners Ins. Co. v. S.E. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself") (citing Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.)).

That said, "a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person." *Id.* Enciso argues that Hlebechuk's presence would intimidate Malleis into being less than truthful in his testimony. Malleis mentioned the possibility of retaliation, but his concerns had nothing to do with Hlebechuk. Instead, Malleis was concerned about being deposed, no matter who was in the room during the proceedings:

> A: Can I speak for a moment?
>
> Q: Yes. Go ahead.
>
> A: I mean, I – I met with Tom the other day, and I would just like to say a few things. You know, first, I'm very appreciative of Talgo and working there. I – the trains are very important to me, and I enjoy the work and – the travels. I think next is that you – the Court has required me to be here, but I think it's not about me. There's a lot of other people that may be, you know, interested or you should be interested in, not just me.
>
> I think lastly I'm – *I'm uncomfortable being here*, because, you know, at times when I have been here with the company or others, I've been retaliated against and I'm uncomfortable almost

- 4 -

> every time. And so I do not have a lawsuit now nor do I plan a lawsuit. There's – I have nothing, no money I'm trying to sue for anyone. So, okay, I – I think I've said some things. So I'm – I'm fearful of more retaliation.

Malleis Dep. at 8-9 (emphasis added). In other words, Malleis was reticent about being deposed, but he had no particular concern about testifying in front of Hlebechuk. Thus, the Court has no basis to conclude that Malleis "cannot be trusted to tell the truth" if forced to testify in Hlebechuk's presence. *Tuszkiewicz v. Allen Bradley Co., Inc.*, 170 F.R.D. 15, 17 (E.D. Wis. 1996).

Finally, after the aborted deposition, Malleis sent a letter to Enciso's counsel claiming that Hlebechuk initiated an investigation and retaliated against him as a "direct result" of his attempt to "make a deposition." ECF No. 60-3, at 1. Hlebechuk disputes this characterization; even if true, it does not alter the foregoing analysis. There still is nothing to suggest that Malleis objects to, or will be intimidated by, Hlebechuk's presence at his deposition. On the assumption that Malleis fears retaliation for what he might say in a deposition, the Court fails to grasp how Hlebechuk's presence or absence is relevant in the first instance. Hlebechuk will be able to read the transcript for himself, whether he is there or not.

The balance of Enciso's motion requires little discussion. Enciso requests the production of certain documents, but Enciso failed to meet its burden of demonstrating that the requested documents are within Talgo's "possession, custody, or control." Fed. R. Civ. P. 34(a). Enciso also wants the Court to enter an order compelling the

- 5 -

Case 2:11-cv-00722-RTR   Filed 10/16/13   Page 5 of 6   Document 70

production of various Spanish employees of Patentes Talgo, S.L., Talgo's parent company.  These individuals are beyond the subpoena power of the Court and cannot be compelled to appear at a deposition in the United States.  *Ismail v. Am. Univ. of Beirut*, 246 F. Supp. 2d 330, 334 (S.D.N.Y. 2003).

In conjunction with this motion, Enciso requests a sixty (60) day extension of the discovery deadline.  Given the Court's ruling, it is unclear whether an extension is necessary.  In any event, the Court will extend the deadline to November 11, the same day as the dispositive motion deadline.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Talgo's motion for leave to file a sur-reply brief [ECF No. 61] is **GRANTED**; and

2. Enciso's motion to compel, for contempt, and for sanctions [ECF No. 55] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2013.

                                              **BY THE COURT:**

                                              */s/ Rudolph T. Randa*
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**